UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VICTORIA SETHUNYA,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK INC., and C3780792 TIKTOK, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT<br><br>Case No. 2:22-cv-00678<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Victoria Sethunya, proceeding *in forma pauperis*, filed this action against TikTok, Inc., and C3780792 TikTok, Inc.[1] Because Ms. Sethunya's complaint fails to state a cognizable claim, the court ORDERS Ms. Sethunya to file an amended complaint by **December 20, 2022**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must review the case under 28 U.S.C. § 1915. This statute requires the court to dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2] In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule

---

[1] (*See* Compl., Doc. No. 13.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

1

12(b)(6) of the Federal Rules of Civil Procedure.[3]  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[4]  The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[5]  But the court need not accept the plaintiff's conclusory allegations as true.[6]  "[A] plaintiff must offer specific factual allegations to support each claim."[7]

Because Ms. Sethunya proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[8]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[9]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[10]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence

---

[3] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[4] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[5] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[8] *Hall*, 935 F.2d at 1110.

[9] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[10] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

construction, or [her] unfamiliarity with pleading requirements,"[11] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

## ANALYSIS

The allegations in the complaint relate to a video Ms. Sethunya created on the social media platform, TikTok, in response to the deportation of her son.[13] Ms. Sethunya alleges the video became so popular that she trimmed it into a sound clip—the "I am Doing Blasphemy" sound clip—which other TikTok users could use.[14] However, Ms. Sethunya soon discovered other TikTok users were using the sound clip for comedic purposes instead of her intended use (promoting her efforts to reunite with her son).[15]

In her complaint, Ms. Sethunya asserts TikTok is permitting the use of her "I am Doing Blasphemy" sound clip to "profit white comedians at the expense of her mental health and the support for the reunion with her son."[16] Ms. Sethunya alleges she asked TikTok to remove and police any misuse of the sound clip.[17] According to Ms. Sethunya, TikTok did not remove the

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[13] (Compl. ¶ 3, Doc. No. 13.)

[14] (*Id.* ¶¶ 6–7.)

[15] (*Id.* ¶¶ 6–8.)

[16] (*Id.* ¶ 11.)

[17] (*See id.* ¶¶ 10–11.)

sound bite for "about two weeks" and "continues the disallowed use of Plaintiff's private video, completely disregarding the PTSD anxiety it creates."[18] Ms. Sethunya claims this misuse amounts to "ongoing racial and sexual harassment on the app while using her [I] am Doing Blasphemy sound without her permission."[19] She argues TikTok continues to "violate Plaintiff's civil rights protections based on race and gender[] [b]y suspending her account for responding to the Defendants' sexual harasser."[20] Finally, Ms. Sethunya asks that TikTok "stop further reproducing [her] voice without her permission and end the sexual and racial harassment on the platform."[21]

Ms. Sethunya's complaint fails to state any cognizable claim against TikTok. The complaint references discrimination and copyright generally without identifying specific statutory or constitutional causes of action. To the extent Ms. Sethunya seeks to assert a discrimination claim against TikTok, she fails to state a plausible claim. While the Civil Rights Act of 1964[22] prohibits discrimination by private entities in some circumstances, none are applicable here. For example, Ms. Sethunya's claim is deficient under Title VII, 42 U.S.C. § 2000e-2, (establishing discrimination based on race, color, religion, sex, or national origin as unlawful employment practices) because Ms. Sethunya does not allege she is a TikTok employee. Her claim is also deficient under Title II, 42 U.S.C. § 2000a, (prohibiting

---

[18] (*Id.* ¶¶ 11, 16–17.)

[19] (*Id.* ¶ 13.)

[20] (*Id.* ¶ 14.)

[21] (*Id.* ¶ 23.)

[22] 42 U.S.C. § 1981 *et seq*.

discrimination or segregation based on race, color, religion, or national origin in places of public accommodation) because courts have held that social media platforms are not places of public accommodation.[23] Further, she fails to state a cognizable constitutional claim for discrimination under 42 U.S.C. § 1983 because Ms. Sethunya's complaint does not allege facts sufficient to establish TikTok, a private entity, was acting under color of state law.[24]

Ms. Sethunya also fails to state a cognizable copyright claim. While Ms. Sethunya indicates she "applied for copyright registration with the US Copyright Office,"[25] her complaint fails to state any cognizable copyright infringement claim against TikTok. To state a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original."[26] Ms. Sethunya has not alleged facts sufficient to state a claim under either element.

To the extent Ms. Sethunya's complaint raises claims sounding in tort, her allegations fail to establish any basis for subject-matter jurisdiction over such claims. She fails to assert any

---

[23] *See Lewis v. Google LLC*, 851 F. App'x 723, 724 (9th Cir. 2021) (unpublished), *cert. denied*, 142 S. Ct. 434 (2021) (holding Google and YouTube are not places of public accommodation under Title II); *Martillo v. Twitter Inc.*, No. CV 21-11119-RGS, 2021 U.S. Dist. LEXIS 260104, at *3 (D. Mass. Oct. 15, 2021) (unpublished) (holding Twitter is not a place of public accommodation under Title II).

[24] *See Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988) (holding "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law" to state a claim under 42 U.S.C. § 1983).

[25] (Compl. ¶ 12, Doc. No. 13.)

[26] *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) (internal quotation marks omitted).

cognizable claim arising under federal law, and she fails to allege facts sufficient to establish diversity jurisdiction[27] or supplemental jurisdiction over her claims.[28]

In sum, Ms. Sethunya's allegations do not appear to comport with any recognized cause of action over which this court has jurisdiction. Because Ms. Sethunya's complaint fails to state a plausible claim for relief, it is subject to dismissal.[29] However, so that Ms. Sethunya has every reasonable opportunity to bring her claims, she is granted leave to amend her complaint.[30]

## CONCLUSION

The court ORDERS as follows:

1. Ms. Sethunya is ordered to file an amended complaint by **December 20, 2022**. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

3. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's November 11, 2022 order[31] remains in place.

---

[27] *See* 28 U.S.C. § 1332 (requiring complete diversity among parties and an amount in controversy exceeding $75,000).

[28] *See* 28 U.S.C. § 1367 (granting federal courts subject-matter jurisdiction for state law claims when additional "claims [] are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

[29] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[30] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[31] (Doc. No. 9.)

      4.      Failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 29th day of November, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge