UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VICTORIA SETHUNYA,<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK INC.; C3780792 TIKTOK, INC.; META PLATFORMS, INC.; and FACEBOOK, INC.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO GRANT TIKTOK'S MOTION TO DISMISS (DOC. NO. 36)**<br><br>Case No. 2:22-cv-00678<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Victoria Sethunya filed this action against TikTok, Inc., and C3780792 TikTok, Inc., on October 21, 2022.[1]  With leave of court, Ms. Sethunya filed a second amended complaint adding Meta Platforms, Inc. as a defendant.[2]  The thrust of Ms. Sethunya's claim is that TikTok and Meta failed to remove users' reproductions of her copyrighted content, which Ms. Sethunya alleges amounts to copyright infringement and harassment.  TikTok has now filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

---

[1] (*See* Compl., Doc. No. 13.)  TikTok, Inc. claims C3780792 TikTok Inc. does not exist as an entity.  (*See* Reply 9 n.2, Doc. No. 59.)  Where Ms. Sethunya has not obtained a summons or attempted to serve this defendant separately, the court presumes C3780792 TikTok Inc. is the same entity as TikTok, Inc.

[2] (*See* Second Am. Compl., Doc. No. 20.)  Ms. Sethunya's second amended complaint is the operative complaint in this case.

1

Procedure.[3] Where Ms. Sethunya has failed to state any cognizable claim against TikTok, the undersigned[4] recommends the district judge grant TikTok's motion to dismiss.

## LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for failure to state a claim.[5] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[7] But the court need not accept a plaintiff's conclusory allegations as true.[8] "[A] plaintiff must offer specific factual allegations to support each claim."[9] This court also has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[10]

---

[3] (*See* Def. TikTok Inc.'s Mot. to Dismiss Second Am. Complaint and Mem. in Supp. ("Mot. to Dismiss"), Doc. No. 36.)

[4] On November 15, 2022, this case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 10.)

[5] *See* Fed. R. Civ. P. 12(b)(6).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

Because Ms. Sethunya proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[11] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[12] Importantly, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[14] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15]

## ANALYSIS

The allegations in Ms. Sethunya's second amended complaint relate to a video Ms. Sethunya created on the social media platform, TikTok, in response to the deportation of her son.[16] Ms. Sethunya contends the video became so popular, she trimmed it into a sound clip—the "I am Doing Blasphemy" sound clip—which other TikTok users could use.[17] Ms. Sethunya also alleges she registered the "Blasphemy sound" with the United States Copyright Office.[18]

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Hall*, 935 F.2d at 1110.

[15] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[16] (Second Am. Compl. 3, Doc. No. 20.)

[17] (*Id.* at 3–4.)

[18] (*Id.* at 6.)

However, Ms. Sethunya soon discovered other TikTok users were using the sound clip for comedic purposes instead of her intended use (promoting her efforts to reunite with her son).[19] Ms. Sethunya claims she (and a private copyright enforcement company she hired) notified TikTok of videos allegedly infringing her copyright, but TikTok only removed some of the videos from its website and refused to remove others.[20] Ms. Sethunya asserts TikTok is allowing its users to use her copyrighted sound without her permission and "she is requesting the court take remedial action to hold TikTok responsible for [its] members' harmful conduct."[21] She also claims TikTok's conduct amounts to "racial and sexual harassment" and "PTSD retraumatization."[22] Ms. Sethunya seeks punitive damages and injunctive relief.[23]

In its motion to dismiss, TikTok makes three arguments. First, TikTok argues Ms. Sethunya granted TikTok and its users a license to use her content on TikTok.[24] Second, TikTok contends the Communications Decency Act[25] bars Ms. Sethunya from holding TikTok liable for the actions of its users.[26] Third, TikTok argues that where Ms. Sethunya cannot show TikTok

---

[19] (*Id.* at 3–4.)

[20] (*Id.* at 4–6.)

[21] (*Id.* at 3–4.)

[22] (*Id.* at 2.)

[23] (*Id.* at 8.)

[24] (*See* Mot. to Dismiss 7–9, Doc. No. 36.)

[25] 47 U.S.C. § 230.

[26] (*See* Mot. to Dismiss 9–12, Doc. No. 36.)

had a legal duty or acted with intent to cause injury, her tort claims fail.[27] According to TikTok, providing Ms. Sethunya another opportunity to amend her complaint would be futile.[28]

Ms. Sethunya responds that the license was contrary to federal law, she lacked capacity to agree to TikTok's Terms of Service, the Communications Decency Act does not protect TikTok because TikTok amplified users' conduct, and TikTok may be liable in tort because it acted intentionally and recklessly.[29]

As explained below, Ms. Sethunya fails to state a cognizable claim for copyright infringement, and the district judge should dismiss that claim with prejudice. Since no federal claims remain and Ms. Sethunya did not allege any independent basis for subject-matter jurisdiction over her tort claims, the tort claims should be dismissed without prejudice.

### I. Ms. Sethunya granted TikTok a license to use her recording, which negates her claim of copyright infringement.

"To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) *unauthorized* copying of constituent elements of the work."[30] A copyright owner who grants a license to use her material waives his right to sue the licensee for infringement of that copyright.[31]

---

[27] (*See id.* at 12–13.)

[28] (*Id.* at 13.)

[29] (*See* Opp'n to Mot. to Dismiss ("Opp'n") 6–18, Doc. No. 54.)

[30] *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005) (emphasis added).

[31] *See, e.g.*, *Boatman v. U.S. Racquetball Ass'n*, 33 F. Supp. 3d 1264, 1271 (D. Colo. 2014).

Ms. Sethunya admits she posted her Blasphemy sound on TikTok.[32] Under TikTok's Terms of Service,[33] to which users must agree in order to post content, users "grant [TikTok] an unconditional irrevocable, non-exclusive, royalty-free, fully transferable, perpetual worldwide licence to use, . . . publish and/or transmit, and/or distribute" content users post.[34] Users also "authorize other users . . . to view, access, use, download, modify, adapt, reproduce, make derivative works of, publish and/or transmit" content other users post.[35] Moreover, by agreeing to the Terms of Service, TikTok users acknowledge TikTok has "no obligation to pre-screen, monitor, review, or edit any content posted by" users.[36] Thus, even accepting Ms. Sethunya's assertion as true—that TikTok (rather than its users) infringed her copyright—she fails to state a claim in view of TikTok's Terms of Service. Under the Terms of Service, Ms. Sethunya granted a license to TikTok and other users, authorizing the use of her recording and negating any claim for infringement of copyrighted material she posted on TikTok.

Ms. Sethunya does not dispute the validity of TikTok's Terms of Service, but she makes two arguments in support of her position that the Terms of Service do not bar her claims. Both fail. First, she argues she did not have the capacity to enter into a contract because she has

---

[32] (*See* Second Am. Compl. 3–4, Doc. No. 20.)

[33] At the motion to dismiss stage, courts may take judicial notice of information found on the internet when its authenticity is not disputed—such as a website's Terms of Service. *Labertew v. Winred, Inc.*, No. 2:21-cv-555, 2022 U.S. Dist. LEXIS 90580, at *17–18 (D. Utah May 18, 2022) (unpublished). Where Ms. Sethunya does not dispute the authenticity of the TikTok Terms of Service, the court takes judicial notice and considers them at this stage.

[34] *Terms of Service*, TikTok (last updated Nov. 2023), https://www.tiktok.com/legal/page/us/terms-of-service/en [https://perma.cc/UB24-P5PJ].

[35] (*Id.*)

[36] (*Id.*)

PTSD.[37] But Ms. Sethunya explains in her complaint and in briefing related to TikTok's motion (all of which she filed herself) that, during the period of her alleged incapacitation, she was a graduate student working on a master's degree in English;[38] she "successfully defend[ed] an approximately 39-page research paper";[39] she was an "independent teacher" who taught 1600 hours of music, genetics, and math;[40] she hired a third-party copyright enforcement company (presumably by signing a contract);[41] she filed a tax return;[42] and she obtained a United States copyright registration.[43] Even taking as true Ms. Sethunya's assertions of PTSD, anxiety, and depression, the evidence demonstrates her capacity was not "so deficient or impaired" that she lacked "sufficient power to comprehend the subject of the contract."[44] Accepting Ms. Sethunya's claims and filings as true and drawing reasonable inferences in her favor, Ms. Sethunya has not sufficiently alleged she lacked capacity to agree to TikTok's Terms of Service.

Second, Ms. Sethunya argues the Terms of Service "contravene federal law" because they require a party to break the law.[45] But Ms. Sethunya does not explain how the Terms of

---

[37] (Opp'n 7, Doc. No. 54.)

[38] (Mot. to Req. Time 1, Doc. No. 37.)

[39] (*Id.*)

[40] (Second Am. Compl. 2, Doc. No. 20.)

[41] (*Id.* at 4.)

[42] (*Id.* at 2.)

[43] (*Id.* at 6.)

[44] *Wittingham, LLC v. TNE Ltd. P'ship*, 2020 UT 49, ¶ 58, 469 P.3d 1035 (citation omitted); *see also United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000) (noting state law governs issues of contract formation and enforceability).

[45] (Opp'n 3, Doc. No. 54.)

Service have this effect. In light of TikTok's Terms of Service, Ms. Sethunya has failed to state a plausible claim of copyright infringement, even accepting her factual allegations as true.[46] Accordingly, her claim should be dismissed.

### II. Ms. Sethunya failed to establish this court has original subject-matter jurisdiction for her tort claims, and the court should decline to exercise supplemental jurisdiction.

To the extent Ms. Sethunya's complaint raises claims sounding in tort,[47] her allegations fail to establish any basis for subject-matter jurisdiction over such claims.[48] She fails to allege facts sufficient to establish diversity jurisdiction because she has not stated whether she seeks more than $75,000 in damages and has not alleged diversity of citizenship.[49] Where the undersigned recommends dismissal of Ms. Sethunya's federal copyright claims, the court should

---

[46] Where dismissal is recommended on these grounds, the court need not address TikTok's arguments under the Communications Decency Act.

[47] (*See* Second Am. Compl. 2–3, 6, Doc. No. 20 (alleging "harassment").)

[48] Because tort claims against private actors arise from state law, not federal law, they must be brought in state court unless a federal court has a basis for jurisdiction over the claims (for example, diversity or supplemental jurisdiction). *Cf. Fletcher v. Summit Food*, No. 18-cv-1220, 2020 U.S. Dist. LEXIS 75194, at *8 (D.N.M. Apr. 29, 2020) (unpublished) ("To the extent the Complaint raises any state law claims for . . . torts, those claims will be dismissed without prejudice. Plaintiff must re-file those claims in [state court] to obtain relief.").

[49] *See* 28 U.S.C. § 1332 (requiring complete diversity among parties and an amount in controversy exceeding $75,000).

decline to exercise supplemental jurisdiction over Ms. Sethunya's tort claims[50] and should dismiss them without prejudice.

RECOMMENDATION

Even accepting Ms. Sethunya's factual allegations as true and drawing reasonable inferences in her favor, Ms. Sethunya has failed to state a plausible claim in light of TikTok's Terms of Service.[51] Where Ms. Sethunya has already amended her complaint, her copyright claims should be dismissed with prejudice, as further amendment would be futile.[52] And because this court should decline to exercise supplemental jurisdiction over Ms. Sethunya's state-law tort claims (upon dismissal of the federal claims), the tort claims should be dismissed without prejudice. Accordingly, the undersigned recommends the district judge dismiss Ms. Sethunya's copyright claims with prejudice, and dismiss her tort claims without prejudice.

---

[50] *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Ms. Sethunya has not argued this court should exercise supplemental jurisdiction.

[51] Where dismissal is recommended on these grounds, the court need not address TikTok's arguments under the Communications Decency Act.

[52] *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (unpublished) ("[D]ismissal with prejudice is proper for failure to state a claim when it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (internal quotation marks omitted)).

Ms. Sethunya is notified of her opportunity to object to this report and recommendation. Any objection must be filed by February 6, 2024.[53] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 23rd day of January, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[53] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2).