UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VICTORIA SETHUNYA,<br><br>            Plaintiff,<br><br>v.<br><br>TIKTOK INC.; C3780792 TIKTOK, INC.;<br>META PLATFORMS, INC.; and<br>FACEBOOK, INC.,<br><br>            Defendants. | **REPORT AND RECOMMENDATION<br>TO GRANT META'S MOTION FOR<br>SUMMARY JUDGMENT<br>(DOC. NO. 55)**<br><br>Case No. 2:22-cv-00678<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Victoria Sethunya filed this action against TikTok, Inc., and C3780792 TikTok, Inc., on October 21, 2022.[1]  With leave of court, Ms. Sethunya filed a second amended complaint adding Meta Platforms, Inc. as a defendant.[2]  The thrust of Ms. Sethunya's argument is that TikTok and Meta failed to remove users' reproductions of her copyrighted content, which Ms. Sethunya alleges amounts to copyright infringement and harassment.  Meta filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure,[3] which the court converted to a motion for summary judgment, and permitted the parties to file additional materials and briefing, because both parties relied on documents outside the

---

[1] (See Compl., Doc. No. 13.)

[2] (See Second Am. Compl., Doc. No. 20.)  Ms. Sethunya's second amended complaint is the operative complaint in this case.

[3] (See Meta Platforms, Inc.'s Mot. to Dismiss Second Am. Compl. for Failure to State a Claim ("Mot."), Doc. No. 55.)

1

pleadings.[4]  Because Ms. Sethunya fails to support a claim that Meta infringed her copyright and

the court lacks original subject-matter jurisdiction on any tort claims, the undersigned[5]

recommends the district judge grant Meta's motion for summary judgment[6] and dismiss any

potential tort claims without prejudice.

LEGAL STANDARDS

Summary judgment may be granted only where "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."[7]  "A fact is material if, under the governing law, it could have an effect on the outcome of

the lawsuit."[8]  "A dispute over a material fact is genuine if a rational jury could find in favor of

the nonmoving party on the evidence presented."[9]  In evaluating a motion for summary

judgment, the court views "the facts in the light most favorable to the nonmovant and draw[s] all

reasonable inferences in the nonmovant's favor."[10]  But "where the non-moving party will bear

the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and

designate specific facts so as to make a showing sufficient to establish the existence of an

---

[4] (Order Converting Mot. to Dismiss to Mot. for Summ. J., Doc. No. 67.)

[5] On November 15, 2022, this case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 10.)

[6] (Doc. No. 55.)

[7] Fed. R. Civ. P. 56(a).

[8] *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) (internal quotation marks omitted).

[9] *Id.* (internal quotation marks omitted).

[10] *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

element essential to that party's case in order to survive summary judgment."[11]   A party asserting

a fact cannot be or is genuinely disputed on summary judgment must support the assertion by

"citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those made

for purposes of the motion only), admissions, interrogatory answers, or other materials."[12]

This means "[u]nsupported conclusory allegations [] do not create a genuine issue of

fact,"[13] and "mere speculation unsupported by evidence is insufficient to resist summary

judgment."[14]   Moreover, this court also has an "independent obligation to determine

whether subject-matter jurisdiction exists, even in the absence of a challenge from any

party."[15]

Because Ms. Sethunya proceeds pro se, her filings are liberally construed and held "to a

less stringent standard than formal pleadings drafted by lawyers."[16]   Still, pro se plaintiffs must

"follow the same rules of procedure that govern other litigants."[17]   For instance, a pro se plaintiff

"still has the burden of alleging sufficient facts on which a recognized legal claim could be

---

[11] *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (internal quotation marks omitted).

[12] Fed. R. Civ. P. 56(c)(1).

[13] *L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000).

[14] *Martinez v. CO2 Servs.*, 12 F. App'x 689, 695 (10th Cir. 2001) (unpublished) (citing *Peterson v. Shanks*, 149 F.3d 1140, 1144–45 (10th Cir. 1998)).

[15] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted).

[16] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[17] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

based."[18]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[19] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[20]

ANALYSIS

The allegations in Ms. Sethunya's second amended complaint relate to a video Ms. Sethunya created on the social media platform, TikTok, in response to the deportation of her son.[21]  Ms. Sethunya contends the video became so popular that she trimmed it into a sound clip—the "I am Doing Blasphemy" sound clip—which other TikTok users could use.[22]  Ms. Sethunya later posted the sound clip on Instagram, a social media platform owned by Meta.[23]  Ms. Sethunya also alleges she registered the "Blasphemy sound" with the United States Copyright Office.[24]  However, Ms. Sethunya soon discovered other TikTok and Instagram users

---

[18] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[19] *Hall*, 935 F.2d at 1110.

[20] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[21] (Second Am. Compl. 3, Doc. No. 20.)

[22] (*Id.* at 3–4.)

[23] (*See id.* at 7.)  Ms. Sethunya also named Facebook, Inc. as a defendant, which is also owned by Meta.  Ms. Sethunya does not appear to allege any claims against Facebook and only includes the entity as a defendant because Meta was "previously known as Facebook, Inc."  (*Id.* at 6; *see also* Mot. 4 n.2, Doc. No. 55 ("Facebook, Inc.'s name was changed to Meta Platforms, Inc. on October 28, 2021.").)  Accordingly, the court treats Facebook and Meta as the same entity.

[24] (Second Am. Compl. 6, Doc. No. 20.)

were using the sound clip for comedic purposes instead of her intended use (promoting her efforts to reunite with her son).[25]

Ms. Sethunya claims she hired a private copyright enforcement company, who requested that Meta delete videos allegedly violating her copyright.[26]  But Meta only removed some of the videos from the Instagram website, refusing to remove others.[27]  Ms. Sethunya asserts Meta is allowing its users to use her copyrighted sound "without acknowledging her"[28] and "without her permission and in violation of the copyright laws to make her PTSD worse."[29]  Ms. Sethunya is "requesting the court to apply all the necessary remedies to cure the unfairness, award punitive damages to deter future harm and also issue a restraining order to stop . . . Instagram's/Meta Platforms violations of the copyright laws."[30]

Meta filed a motion to dismiss, which the court converted to a motion for summary judgment because the parties relied on documents and information outside the pleadings.[31]  Both parties were permitted to file additional material and briefing in support of their positions on the motion.[32]  Meta makes three arguments in support of its motion.  First, Meta argues that when Ms. Sethunya posted the sound to Instagram, she agreed to Instagram's Terms of Service, which

---

[25] (*Id.* at 3–4, 7–8.)

[26] (*Id.* at 6–7.)

[27] (*Id.*)

[28] (*Id.* at 6.)

[29] (*Id.* at 8.)

[30] (*Id.*)

[31] (Order Converting Mot. to Dismiss to Mot. for Summ. J., Doc. No. 67.)

[32] (*See id.* at 2–3.)

grants Meta a license to use the sound.[33]  Second, Meta contends the safe harbor provision of the

Digital Millennium Copyright Act ("DMCA"),[34] which provides immunity to digital service

providers that lack knowledge of copyright infringement by their users, shields Meta from

liability.[35]  Third, according to Meta, Ms. Sethunya's allegation that Meta's users (not Meta)

copied her content, fails to satisfy the volitional conduct requirement of a copyright infringement

claim.[36]

Ms. Sethunya responds that the Instagram Terms of Service do not bar her claim because,

although she posted the video to Instagram, other users had already posted content infringing her

copyright before Ms. Sethunya posted the video; she lacked the capacity to enter into a contract;

Meta ignored her requests to remove infringing content; Meta's motion to dismiss is an ad

hominem attack that does not address the merits of her argument; Meta is "trigger[ing] her

PTSD"; and she provided information reasonably sufficient to permit Meta to locate the alleged

infringing material. [37]  In addition to reiterating its previous arguments, Meta replies that Ms.

Sethunya posted her video before any alleged infringement, and she cannot show incapacity.[38]

Meta's motion for summary judgment should be granted on two independent grounds:

first, Ms. Sethunya granted Meta a license to use the recording, and second, the DMCA protects

---

[33] (*See* Mot. 6–9, Doc. No. 55.)

[34] 17 U.S.C. § 512(c).

[35] (Mot. 9–11, Doc. No. 55.)

[36] (*Id.* at 11–12.)  It is unnecessary to address this final argument where the court recommends summary judgment be granted to Meta on other grounds.

[37] (Resp. to Meta Instagram's Mot. ("Opp'n") 3–13, Doc. No. 62.)

[38] (Reply in Supp. of Meta Platforms, Inc's Mot. to Dismiss Second Am. Compl. for Failure to State a Claim ("Reply") 1–6, Doc. No. 63.)

6

Meta from this suit.  Accordingly, Meta's motion for summary judgment[39] should be granted.  If the district judge accepts this recommendation, no federal claims will remain.  Where Ms. Sethunya did not assert any independent basis for subject-matter jurisdiction over her tort claims, the tort claims should be dismissed without prejudice.

## I.      Ms. Sethunya granted Meta a license to use the recording.

"To establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) *unauthorized* copying of constituent elements of the work."[40]  A copyright owner who grants a license to use her material waives his right to sue the licensee for infringement of that copyright.[41]

Ms. Sethunya admits she posted her Blasphemy sound on Instagram.[42]  Under Instagram's Terms of Service, to which users must agree in order to post content, users "grant to [Meta] a non-exclusive, royalty-free, transferable, sub-licensable, worldwide license to host, use, distribute, modify, run, copy, publicly perform or display, translate, and create derivative works" of content users post.[43]  Even if Ms. Sethunya could prove Meta—rather than its users—infringed her copyright, the license she granted to Meta when she agreed to Instagram's Terms of Service shows Meta is entitled to judgment as a matter of law.

---

[39] (Doc. No. 55.)

[40] *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005) (emphasis added).

[41] *See, e.g.*, *Boatman v. U.S. Racquetball Ass'n*, 33 F. Supp. 3d 1264, 1271 (D. Colo. 2014).

[42] (*See* Second Am. Compl. 7, Doc. No. 20.)

[43] (Ex. 1 to Mot., Decl. of Ambika Kumar, Doc. No. 55-2 at 8.)

Ms. Sethunya does not dispute the validity of Instagram's Terms of Service, but she makes two arguments in support of her position that the Terms of Service do not bar her claim. Both fail. First, she argues (or at least suggests) she did not have the capacity to enter into a contract because she has PTSD.[44] But Ms. Sethunya explains throughout her various filings (which she filed herself) that, during the period of her alleged incapacitation, she was a graduate student working on a master's degree in English;[45] she "successfully defend[ed] an approximately 39-page research paper";[46] she was an "independent teacher" who taught 1600 hours of music, genetics, and math;[47] she hired a third-party copyright enforcement company (presumably by signing a contract);[48] she filed a tax return;[49] and she obtained a United States copyright registration.[50] Even acknowledging Ms. Sethunya's assertions of PTSD, anxiety, and depression, the evidence demonstrates her capacity was not "so deficient or impaired" that she lacked "sufficient power to comprehend the subject of the contract."[51]

---

[44] (Opp'n 3–4, Doc. No. 62; *see also* App'x 1, Doc. No. 72-1 (psychologist's report stating Ms. Sethunya's PTSD gives her "relentless anxiety and depression").)

[45] (Mot. to Req. Time 1, Doc. No. 37.)

[46] (*Id.*)

[47] (Second Am. Compl. 2, Doc. No. 20.)

[48] (*Id.* at 4.)

[49] (*Id.* at 2.)

[50] (*Id.* at 6.)

[51] *Wittingham, LLC v. TNE Ltd. P'ship*, 2020 UT 49, ¶ 58, 469 P.3d 1035 (citation omitted); *see also United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000) (noting state law governs issues of contract formation and enforceability).

Second, Ms. Sethunya argues that even though she posted the Blasphemy sound on Instagram, other users posted it before Ms. Sethunya herself did.[52]  But Ms. Sethunya posted the content on Instagram on August 16, 2022,[53] and she alleges her copyright registration became effective on October 2, 2022.[54]  Ms. Sethunya cannot show infringement occurred before she posted the video where she did not have a copyright until six weeks after she posted the video.

Meta's motion for summary judgment as to the copyright infringement claims should be granted because even viewing the undisputed facts in the light most favorable to Ms. Sethunya, she granted Meta a license to use her content when she posted it on Instagram.

## II.    The DMCA protects Meta from Ms. Sethunya's claims.

The DMCA[55] constitutes a second independent basis for granting summary judgment to Meta on the copyright infringement claims.  The DMCA's safe-harbor provision protects digital service providers from copyright infringement liability if the provider lacks "actual knowledge" of infringement or "is not aware of facts or circumstances from which infringing activity is apparent."[56]  A copyright holder can trigger such knowledge by serving a notice of infringement that, among other requirements, identifies the alleged infringing material with "information reasonably sufficient to permit the service provider to locate the material."[57]

---

[52] (*See* Opp'n 3, Doc. No. 62.)

[53] (*See* Ex. 3 to Mot., Screenshot, Doc. No. 55-4 at 2.)

[54] (*See* Second Am. Compl. 6, Doc. No. 20.)

[55] 17 U.S.C. § 512.

[56] *Id.* § 512(c)(1)(A).

[57] *Id.* § 512(c)(3)(A)(iii).

Ms. Sethunya alleges she provided notice of other users' infringement,[58] and argues her notice was DMCA-compliant.[59]  But the only evidence she offers for this assertion is a quote in her own complaint, which is alleged to be from an email or chat message she sent to Meta, asserting she previously provided notice.[60]  Because "mere speculation unsupported by evidence is insufficient to resist summary judgment," [61] Ms. Sethunya's failure to submit evidence of DMCA-compliant notice is fatal.  Summary judgment should be granted to Meta on the copyright claims based on the DMCA's safe-harbor provision.

### III.  Ms. Sethunya failed to establish this court has original subject-matter jurisdiction for her tort claims, and the court should decline to exercise supplemental jurisdiction.

To the extent Ms. Sethunya's complaint raises claims sounding in tort,[62] her allegations fail to establish any basis for original subject-matter jurisdiction over such claims.[63]  She fails to allege facts sufficient to establish diversity jurisdiction because she has not stated whether she seeks more than $75,000 in damages and has not alleged diversity of citizenship.[64]  Where the

---

[58] (*See* Second Am. Compl. 6–8, Doc. No. 20.)

[59] (*See* Opp'n 2, Doc. No. 62.)

[60] (*See* Second Am. Compl. 7–8, Doc. No. 20.)

[61] *Martinez*, 12 F. App'x at 695 (citing *Peterson*, 149 F.3d at 1144–45).

[62] (*See* Second Am. Compl. 2–3, 6, Doc. No. 20 (alleging "harassment").)

[63] Because tort claims against private actors arise from state law, not federal law, they must be brought in state court unless a federal court has a basis for jurisdiction over the claims (for example, diversity or supplemental jurisdiction). *Cf. Fletcher v. Summit Food*, No. 18-cv-1220, 2020 U.S. Dist. LEXIS 75194, at *8 (D.N.M. Apr. 29, 2020) (unpublished) ("To the extent the Complaint raises any state law claims for . . . torts, those claims will be dismissed without prejudice.  Plaintiff must re-file those claims in [state court] to obtain relief.").

[64] *See* 28 U.S.C. § 1332 (requiring complete diversity among parties and an amount in controversy exceeding $75,000).

10

undersigned recommends summary judgment be granted to Meta on Ms. Sethunya's federal copyright claims, the court should decline to exercise supplemental jurisdiction over Ms. Sethunya's tort claims[65] and should dismiss them without prejudice.

## RECOMMENDATION

Because the undisputed facts show Ms. Sethunya granted Meta a license to use the recording and the DMCA's safe-harbor provision protects Meta from suit, the undersigned recommends the district judge grant Meta's motion for summary judgment[66] as to the copyright claims.[67]  If the district judge accepts this recommendation, no federal claims will remain. Where Ms. Sethunya did not allege any independent basis for subject-matter jurisdiction over her tort claims, the undersigned also recommends the district judge dismiss the tort claims without prejudice.

---

[65] *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").  Ms. Sethunya has not argued this court should exercise supplemental jurisdiction.

[66] (Doc. No. 55.)

[67] Where the undersigned recommends summary judgment on independent grounds, the court need not address Meta's volitional conduct argument.

Ms. Sethunya is notified of her opportunity to object to this report and recommendation. Any objection must be filed by February 6, 2024.[68]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 23rd day of January, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[68] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2).