IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **VICTORIA SETHUNYA**,<br><br>Plaintiff,<br>v.<br><br>**TIKTOK, INC.**; **C3780792 TIKTOK, INC.**; **META PLATFORMS, INC.**; and **FACEBOOK, INC.**,<br><br>Defendant. | **AMENDED MEMORANDUM DECISION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATIONS, AND GRANTING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:22-CV-00678-JNP-DAO<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

Before the court are a motion to dismiss filed by Defendants TikTok, Inc. ("TikTok") and a motion for summary judgment filed by Meta Platforms, Inc. ("Meta"). ECF Nos. 36, 55. Plaintiff Victoria Sethunya opposes both motions. ECF Nos. 54, 62. On January 23, 2024, Judge Oberg issued two report and recommendations advising the court to grant the motion of both defendants. *See* ECF Nos. 76, 77. Ms. Sethunya filed a timely objection responding to the two recommendations. ECF Nos. 82, 82-4. For the reasons stated herein, Ms. Sethunya's objection (ECF No. 82) is OVERRULED, Judge Oberg's recommendations (ECF Nos. 76, 77) are ADOPTED, and the motions filed by Meta and TikTok are GRANTED.

**STANDARD OF REVIEW**

The court reviews *de novo* the portions of the Report and Recommendation to which Ms. Sethunya properly objected. Fed. R. Civ. P. 72(b)(3); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court reviews any other issues for clear error. *See* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend.; *Johnson v. Progressive Leasing*, No. 2:22-cv-00052,

2023 U.S. Dist. LEXIS 105871, at *4, n.31 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)).

*De novo* review is appropriately reserved only for those portions of a report and recommendation to which a party raised objections that are "both timely *and specific*." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). Thus, even timely objections may not merit *de novo* review unless "an objection . . . is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute[.]" *Id.*

## ANALYSIS

### I. TIKTOK'S MOTION TO DISMISS

Judge Oberg recommended that the court grant TikTok's motion to dismiss. TikTok's motion requests the dismissal of Ms. Sethunya's complaint with prejudice. ECF No. 36, at 36. Judge Oberg recommended dismissing Ms. Sethunya's copyright infringement claim on the basis that Ms. Sethunya granted TikTok a license to use her content pursuant to that platform's terms of service. ECF No. 76, at 5–8. In support of that conclusion, Judge Oberg found that Ms. Sethunya did not lack the capacity to contract and that the terms of service are not violative of Federal law. *Id.* Finally, Judge Oberg recommended dismissing any tort claims that may have been stated in Ms. Sethunya's second amended complaint on the basis that the court would lack subject matter jurisdiction if it dismissed the federal copyright claim. *Id.* at 8–9.

Ms. Sethunya did not raise any objections specific to the license that Judge Oberg found Ms. Sethunya granted to TikTok by posting her content on that platform, her capacity to contract, or the validity of TikTok's terms of service. *See generally* ECF Nos. 82, 82-4. Finding Judge Oberg's analysis on these issues to be free of clear error, the court thus overrules Ms. Sethunya's

objection in part and adopts Judge Oberg's recommendation to the extent that it recommends the dismissal of Ms. Sethunya's copyright infringement claim against TikTok.

However, Ms. Sethunya's objections did specifically contest Judge Oberg's conclusion that the court would lack jurisdiction over Ms. Sethunya's remaining state law claims after the dismissal of her federal copyright claim.[1] Specifically, Ms. Sethunya argues that the parties' diversity of citizenship and the amount in controversy provide an alternative basis for the court to exercise subject-matter jurisdiction over any remaining state law claims. *See* ECF No. 82, at 2. The court therefore reviews Judge Oberg's recommendation regarding the dismissal of Ms. Sethunya's state law claims *de novo*. Conducting that analysis, this court adopts Judge Oberg's recommendation to dismiss Ms. Sethunya's state law claims. In order to survive a motion to dismiss, facts supporting diversity jurisdiction must be adequately alleged in a well-pled complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Ms. Sethunya's complaint contains no factual allegations supporting the claim she makes in her objection regarding the court's diversity jurisdiction over her state law claims. *See generally* ECF Nos. 2, 13, 17, 20. The court therefore overrules Ms. Sethunya's objection to the report and recommendation on this issue, determining instead to adopt the report and recommendation in full and grant TikTok's motion to dismiss without prejudice.

## II. META'S MOTION FOR SUMMARY JUDGMENT

Judge Oberg also recommended granting Meta's motion for summary judgment. Like TikTok, Meta argues that Ms. Sethunya granted Meta a license to use her content pursuant to its terms of service when she posted a video on Instagram. ECF No. 55, at 11–14. In the alternative, Meta argued that the safe harbor provision of the Digital Millennium Copyright Act ("DMCA")

---

[1] *See* ECF No. 76, n. 47 (citing Second Am. Compl. 2–3, 6, Doc. No. 20 (alleging "harassment")).

protects Meta from liability because Ms. Sethunya failed to adequately provide Meta with notice of alleged copyright infringement. *Id.*, at 14–16. Finally, Meta asserted that Ms. Sethunya insufficiently plead the required element of a causal link between Meta's conduct and her alleged injury in support of her copyright claim. *Id.*, at 16–17. Judge Oberg recommended granting summary judgment in Meta's favor on Ms. Sethunya's copyright claim on the first and second grounds articulated in Meta's motion. ECF No. 77, at 7–10. Judge Oberg then recommended dismissing whatever state law claims may have been stated in Ms. Sethunya's second amended complaint on the basis that the court would lack subject matter jurisdiction if it granted Meta summary judgment on the federal copyright claim. *Id.* at 10–11.

In response to the report and recommendation, Ms. Sethunya failed to raise any specific objection to Judge Oberg's recommendation that the court grant Meta summary judgment on Ms. Sethunya's copyright claim. As articulated with respect to TikTok's motion, the court thus reviews Judge Oberg's recommendation, and finding it to be free of clear error, overrules Ms. Sethunya's objection and grants Meta's motion for summary judgment on Ms. Sethunya's copyright claim on the basis that Ms. Sethunya granted Meta a license to use her content.[2]

As discussed above with respect to TikTok's motion, Ms. Sethunya objected specifically to Judge Oberg's conclusion that the court would lack jurisdiction over Ms. Sethunya's remaining state law claims after the entry of summary judgment on her federal copyright claim against Meta. For the same reasons articulated above with respect to TikTok's motion, the court reviews Judge Oberg's recommendation *de novo* and overrules Ms. Sethunya's objections, finding that dismissal of any state law claims that may be stated in Ms. Sethunya's second amended complaint is

---

[2] Ms. Sethunya did raise a specific objection to Judge Oberg's recommendation that the court grant Meta's summary judgment motion based on the DMCA. Because the license that Ms. Sethunya granted Meta provides an alternatively sufficient basis to resolve the motion to dismiss, the court need not review Judge Oberg's DMCA analysis *de novo*.

4

necessary because Ms. Sethunya' complaint failed to allege facts supporting diversity jurisdiction. The court therefore adopts the report and recommendation on this issue and grants Meta's motion in full.

Accordingly, the court **ORDERS** as follows:

1. The Report and Recommendation regarding TikTok's Motion to Dismiss (ECF No. 76) is **ADOPTED IN PART**.

2. The Report and Recommendation regarding Meta's Motion for Summary Judgment (ECF No. 77) is **ADOPTED IN FULL**.

3. Ms. Sethunya's Objection to the motions filed by Meta and TikTok is **OVERRULED**.

4. TikTok's Motion to Dismiss (ECF No. 36) is **GRANTED** without prejudice.

5. Meta's Motion for Summary Judgment (ECF No. 55) is **GRANTED IN PART** as to Ms. Sethunya's copyright infringement claim and Ms. Sethunya's remaining state law claims against Meta are **DISMISSED** without prejudice.

Signed March 27, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge